**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| 1. LANCE BENNETT, | ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIV-14- 1368-D |
| 1. IFCO SYSTEMS N.A., INC., | ) ) ) | JURY TRIAL DEMANDED |
| and | ) | ATTORNEY LIEN CLAIMED |
| 2. PALLET COMPANIES, INC. | ) ) ) | |
| Defendants. | ) | |

## COMPLAINT

**COMES NOW THE PLAINTIFF** and for his causes of action herein alleges:

### PARTIES

1. The Plaintiff is Lance Bennett, an adult resident of Canadian County, Oklahoma.

2. The Defendants are INFO Systems N.A., Inc. ("IFCO Systems"), a company doing business in Oklahoma County, Oklahoma, and Pallet Companies, Inc., a company doing business in Oklahoma County, Oklahoma.

### JURISDICTION AND VENUE

3. Plaintiff's claims are for disability, discrimination, and retaliation (including termination) after Plaintiff requested reasonable accommodations, in violation of the Americans with Disabilities Act (ADA) as set forth in 42 U.S.C. § 12111, *et seq*. and the Oklahoma Anti-Discrimination Act (OADA); age discrimination in violation of the Age Discrimination in Employment Act (ADEA) and the OADA; retaliation after Plaintiff requested FMLA protected leave and interference with Plaintiff's rights under the FMLA, in violation of the FMLA.  Jurisdiction over the federal claims are vested in this Court under and 29 U.S.C. § 626(c); 29 U.S.C. § 2617(a)(2); 42 U.S.C. § 12117(a); and 28 U.S.C. § 1331.  Because the state law claims arise out of the same core of facts, jurisdiction is vested over those claims under 28 U.S.C. § 1367(a).

4. Most of the actions complained of occurred in Oklahoma County, Oklahoma and the

Defendants may be served in that county. Oklahoma County is within the Western District of the United States District Courts for Oklahoma wherefore venue is proper in this Court under 28 U.S.C. § 1391(b).

## STATEMENT OF FACTS

5. Defendants jointly and separately employed at least fifty (50) employees within seventy five (75) road miles of Plaintiff's work location during at least twenty weeks of the current or proceeding calendar year.

6. At the time of need for FMLA leave Plaintiff had worked at least 1,250 hours in the proceeding year and had been employed by the Defendants for at least one year.

7. Defendant Pallet Companies, Inc. is identified as Plaintiff's employer on his W-2 forms. Plaintiff was required to follow the personnel manuals, safety and company policies of Defendant IFCO Systems and the personnel documents, including termination documents, reflect IFCO Systms as Plaintiff's employer. Both Defendants exercised common management of the Plaintiff, maintained centralized control of Plaintiff's work duties and the essential functions of his job, and exercised common control of the Plaintiff such that both defendants are separately and/or jointly liable for the clams herein.

8. Plaintiff was employed by the Defendants as a Truck Driver beginning around February 14, 2004.

9. Plaintiff was qualified for his job and performed at least satisfactorily.

10. Around January 21, 2013 Plaintiff was diagnosed with cancer, a medical condition which impairs Plaintiff's major life activities/bodily functions including normal cell growth and function of Plaintiff's bladder and endocrine functions. Without the ameliorative effects of mitigating measures Plaintiff's major life activities of living, breathing and thinking would be substantially impaired. As a result, Plaintiff suffers from a disability as defined by the ADA Amendments Act (ADAAA), 42 U.S.C. §

12102(1)(A), (2)(B), in that he suffers from a condition which materially impairs major life activities and bodily functions as defined by and/or is regarded as having such impairment as defined by 42 U.S.C. § 12102(1)(C), (3).

11. Defendant regarded Plaintiff as being disabled as noted by the comments made by Linda Breeden (Human Resources) who made comments about the type and severity of Plaintiff's cancer and appeared concerned about Plaintiff's ability to perform his job with in his condition.

12. Around January 23, 2013 Plaintiff underwent surgery in an attempt to remove his cancer and was off work until around March 3, 2013.

13. Around August 2013 Plaintiff learned that the surgery had not removed his cancer and that he was now considered "terminal".

14. Plaintiff informed his employer that he had received a diagnosis of "terminal" cancer, but that he intended to continue working as much as he could.

15. Plaintiff requested reasonable accommodations including periodic time off work for medical treatment and downward adjustments to the amount of hours Plaintiff was required to work. Plaintiff also requested the ability to periodically adjust his schedule to come in to work late or leave work early as his cancer and cancer treatment cause Plaintiff to suffer from exhaustion and other related conditions.

16. Plaintiff asked off work for medical treatment several times throughout this period, including for medical leave taken around November 21, 2013, January 12, 2014, February 18, 2014, and March 20, 2014.

17. The Defendant did not give Plaintiff notice of his FMLA rights of these or intermittent periods of FMLA leave.

18. Defendant's employers, including Kayla (last name unknown) and Linda Breeden (Human Resources) made comments about being inconvenienced at Plaintiff's need for schedule adjustments.

19. Around March 2014 Ms. Breeden began questioning Plaintiff about the severity of his medical condition, his prognosis and the cost of his company-provided insurance. Ms. Breeden appeared concerned at the seriousness of Plaintiff's medical condition and the costs of his company provided health care.

20. Plaintiff was terminated around April 14, 2014.

21. The stated reason for the termination was that Plaintiff had worked off the clock.

22. During the termination meeting Plaintiff told Ms. Breeden that he believed he was being terminated because of his cancer and because of the cost to the company's group health insurance policy.  Ms. Breeden looked at the Plaintiff, but did not respond.

23. Prior to Plaintiff's termination he had requested additional days off work for medical treatment and did undergo such medical treatment, including around April 15, 2014, May 15, 2014, June 16, 2014 and July 17, 2014.

24. As a result of Plaintiff's termination he was unable to utilize his FMLA leave for the medical appointments set out in Para. 23, above, and others.

25. As a result of Plaintiff's termination he has suffered lost wages (including back, present and front pay along with the value of benefits associated with such wages), and emotional distress including worry, frustration, sadness and similar unpleasant emotions.  Plaintiff also lost insurance benefits, including death benefits.

26. At the least motivating factors in the decision to terminate the Plaintiff were his age, disability, and/or requests for accommodation.

27. Plaintiff has exhausted his administrative remedies by timely filing EEOC charges against both defendants on June 6, 2014.  The EEOC has investigated the charges for more than 180 days.  Plaintiff requested his right to sue letter for both charges on December 8, 2014.  Thus, Plaintiff has taken all steps necessary to exhaust his administrative remedies and has exhausted such remedies.  There is no exhaustion

requirement under the FMLA.

## COUNT I

For Plaintiff's first cause of action he incorporates the allegations set forth above and further provides that:

28. Discrimination on the basis of a disability or perceived disability, and retaliation for Plaintiff's requests for accommodation is contrary to the ADA and the OADA.

29. Under this Count, Plaintiff is entitled to compensation for his lost wages (past, present and future including the value of benefits associated with such wages), emotional distress/dignitary harm damages, attorney fees and costs.

30. Because the actions of the Defendants were willful, malicious or, at the least, in reckless disregard for Plaintiff's federally and state protected rights such that Plaintiff is entitled to an award of punitive damages under the federal claim. Plaintiff is entitled to liquidated damages under the state law claim.

31. Plaintiff further seeks equitable relief by way of reinstatement of his death benefit and other insurance benefits lost by his termination.

## COUNT II

For Plaintiff's second cause of action he incorporates the allegations set forth above and further provides that:

32. Discrimination on the basis of age is contrary to the ADEA and the OADA.

33. Under this Count, Plaintiff is entitled to compensation for his lost wages (past, present and future including the value of benefits associated with such wages), liquidated damages, attorney fees and costs.

34. Because the actions of the Defendant County were willful as defined by the ADEA, Plaintiff is entitled to liquidated damages in an amount equal to his wage and benefit loss through the time of trial. Plaintiff is entitled to liquidated damages under the OADA.

## COUNT III

For Plaintiff's third cause of action he incorporates the allegations set forth above and further provides that:

35. Failure to provide FMLA notice, termination of Plaintiff's employment in retaliation for requesting FMLA-qualifying leave, and interfering with Plaintiff's rights under the FMLA are violations of the FMLA.

36. As a result of such interference and retaliation Plaintiff has suffered wage and benefit loss (past, present and future) for which he is entitled to compensation which also includes interest on the wage and benefit loss which accrues prior to trial.

37. Because Defendant's actions were not taken in good faith, Plaintiff is entitled to liquidated damages, which is an amount equal to the value of the wages, benefits and interest up through the date of trial.

38. Plaintiff further seeks equitable relief by way of reinstatement of his death benefit and other insurance benefits lost by his termination.

**WHEREFORE,** Plaintiff prays that he be granted judgment in his favor and against the Defendants on all of his claims and that this Court grant the Plaintiff all available compensatory damages, punitive damages, liquidated damages, pre- and post-judgment interest, costs, attorney's fees and any other legal or equitable relief allowed by law.

**RESPECTFULLY SUBMITTED THIS 10th DAY OF DECEMBER, 2014**.

HAMMONS, GOWENS, HURST & ASSOCIATES

s/ Amber L. Hurst
Mark E. Hammons, OBA No. 3784
Amber L. Hurst OBA No. 21231
325 Dean A. McGee Avenue
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-6100
Facsimile: (405) 235-6111
Email: Amberh@hammonslaw.com
          Mark@hammonslaw.com
*Counsel for Plaintiff*
JURY TRIAL DEMANDED
ATTORNEY'S LIEN CLAIMED