IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LANCE BENNETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-14-1368-D |
| | ) | |
| IFCO SYSTEMS N.A., INC., and | ) | |
| PALLET COMPANIES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER REGARDING DEFENDANTS' MOTION
TO STRIKE PLAINTIFF'S EXPERT WITNESSES**

This matter comes before the Court upon Defendants' Motion to Strike Plaintiff's Expert Witnesses [Doc. No. 28]. Defendants seek to exclude Plaintiff's treating physicians – Dr. Barney E. Blue, Dr. Gregory A. Parker, Dr. William Miller, Dr. Shea Samara, Dr. Paul Corn, and Dr. Fnu Shehzad – from testifying as expert witnesses because: 1) no written reports were timely disclosed pursuant to Fed. R. Civ. P. 26(a)(2)(B); and 2) "there are no scientific or technical facts at issue in this case for which medical testimony would be determinative." *See* Motion, p.1. The Court understands the latter to be a relevance objection to expert opinions of Plaintiff's physicians; Defendants state they "do not object to these individuals testifying as fact witnesses." *Id*.

Plaintiff has timely responded in opposition to the Motion. He argues that the disclosure requirements of Rule 26(a)(2)(C), rather than Rule 26(a)(2)(B), apply to his medical witnesses and that scientific and technical issues are presented by his claim of

being disabled, as defined by Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*., at the time of his termination in 2014.

Defendants' reply brief, which is accompanied by numerous exhibits, presents multiple arguments beyond the scope of the original Motion. *See* Defs.' Reply Br. [Doc. No. 36]. Accordingly, Plaintiff has been permitted to file a surreply brief to address the new issues and materials, and Plaintiff similarly presents numerous additional exhibits and arguments. *See* Pl.'s Surreply Br. [Doc. No. 48]. Upon examination of the parties' supplemental arguments, the Court finds they are not appropriate for consideration in the context in which they are presented. Defendants accuse Plaintiff, or his counsel, of withholding documents and failing to provide information in answer to interrogatories. This contention raises discovery issues appropriate for consideration, if at all, pursuant to Fed. R. Civ. P. 37, subject to the conference requirement of that rule and LCvR37.1. Defendants also assert a preclusion defense based on statements that Plaintiff made in applications to the Oklahoma Employment Security Commission and the Social Security Administration. This presents a potentially dispositive issue regarding Plaintiff's ADA claim that is appropriate for presentation, if at all, pursuant to Fed. R. Civ. P. 56 and LCvR56.1.

Turning to Defendants' relevance objection, the issue of whether Plaintiff had a "disability" at the time of his termination is governed by the ADA Amendments Act of 2008 ("ADAAA"). Following the effective date in 2009, the ADA still defines a "disability" as "a physical or mental condition that substantially limits one or more

2

major life activities" of an individual, *see* 42 U.S.C. § 12102(1)(A), but a "major life activity" for purposes of § 12102(1) now "includes the operation of a major bodily function, including but not limited to, functions of the immune system, normal cell growth, digestive, bowel, bladder, neurological, brain, respiratory, circulatory, endocrine, and reproductive functions." *See id*. § 12102(2)(B). Under the ADAAA, "[a]n impairment that is episodic or in remission is a disability if it would substantially limit a major activity when active." *Id.* § 12102(4)(A), (D). Further, a "determination of whether an impairment substantially limits a major life activity shall be made without regard to the ameliorative effects of mitigating measures," such as medication. *Id.* § 12102(4)(E)(i).

In this case, it is clear from the parties' arguments that the question of whether Plaintiff had a "disability" as defined by ADAAA at the time of his termination is a hotly contested issue. It also appears that scientific and technical testimony regarding Plaintiff's cancer diagnosis and treatment, and medical opinions regarding their effects on his major bodily functions, will be highly relevant to a determination of this issue. Thus, Defendants' relevance objection is not well taken. Further, Defendants do not challenge any particular testimony or opinions of Plaintiff's treating physicians, but instead seek a blanket exclusion of all opinion testimony by these witnesses. On the present record, the Court is unable to make a reasoned decision regarding the admissibility of the witnesses' opinion testimony.

Finally, Defendants do not disagree in their reply brief with Plaintiff's argument concerning the applicability of Rule 26(a)(2)(C), rather than Rule 26(a)(2)(B), to Plaintiff's medical witnesses. Plaintiff's position that the report requirement does not apply to treating physicians is supported by Tenth Circuit authority and commentary accompanying revisions of Rule 26 regarding expert disclosures. *See Watson v. United States*, 485 F.3d 1100, 1107 (10th Cir. 2007) (discussing Fed. R. Civ. P. 26(a)(2)(B), advisory committee notes to 1993 amendment). Rulemakers, with the approval of Congress, expressly identified treating physicians as experts who should not be required to issue written reports as a precondition to testifying. *Id*. Therefore, Defendants' effort to exclude expert testimony by Plaintiff's treating physicians for lack of formal reports of these witnesses lacks merit.

IT IS THEREFORE ORDERED that Defendants' Motion to Strike Plaintiff's Experts [Doc. No. 28], is DENIED.

IT IS SO ORDERED this 19th day of October, 2015.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE